NO. 14-1872

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

WESTLAKE LEGAL GROUP <u>ET</u> <u>AL.</u>,

Appellants,

-vs-

YELP, INC., <u>ET</u> <u>AL.</u>,

Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA (ALEXANDRIA)

## OPENING BRIEF OF APPELLANTS

Counsel for Appellant:

Thomas K. Plofchan, Jr.
Lavanya K. Carrithers
WESTLAKE LEGAL GROUP
46175 Westlake Drive, Suite 320
Potomac Falls, Virginia 20165
Telephone: (703) 406-7616
Facsimile: (703) 444-9498
Electronic Mail:    tplofchan@westlakelegal.com
                    lcarrithers@westlakelegal.com

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 14-1872          Caption: WESTLAKE LEGAL GROUP ET AL. V. YELP, INC. ET AL.

Pursuant to FRAP 26.1 and Local Rule 26.1,

WESTLAKE LEGAL GROUP D/B/A THOMAS K. PLOFCHAN, JR., PLLC, AND THOMAS K. PLOFCHAN
(name of party/amicus)

JR.

who is          APPELLANT          , makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                    ☐YES ☑NO
      If yes, identify all parent corporations, including grandparent and great-grandparent
      corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?                                   ☐YES ☑NO
      If yes, identify all such owners:

10/28/2013 SCC                        - 1 -

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /S/ _____    Date: _____ 9/8/14 _____

Counsel for: ALL APPELLANTS _____

## CERTIFICATE OF SERVICE
***************************

I certify that on _____ 9/8/14 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/S/ _____            _____ 9/8/14 _____
    (signature)                              (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus
case, except that a disclosure statement is **not** required from the United States, from an indigent
party, or from a state or local government in a pro se case. In mandamus cases arising from a
civil or bankruptcy action, all parties to the action in the district court are considered parties to
the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are
required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the
required disclosure statement, counsel may file the disclosure statement in paper rather than
electronic form. Counsel has a continuing duty to update this information.

No.  14-1872          Caption:  Westlake Legal Group, et al. v. Yelp, Inc., et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Yelp Inc.
(name of party/amicus)


who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☑ YES ☐ NO

2.    Does party/amicus have any parent corporations?                          ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent
      corporations:


3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?                                             ☐ YES ☑ NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☑YES☐NO
    If yes, identify entity and nature of interest:

    Yelp Inc. has a potential indemnity claim against National Registered Agents, Inc. ("NRAI").
    NRAI's parent company, Wolters Kluwer N.V., is publicly-traded.  Yelp Inc.'s insurer, Aspen
    Insurance Holdings Ltd., is also publicly-traded.

5.  Is party a trade association? (amici curiae do not complete this question)    ☐YES☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?    ☐YES☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Micah J. Ratner                    Date:    September 9, 2014

Counsel for: Yelp Inc.

## CERTIFICATE OF SERVICE
**************************

I certify that on    September 9, 2014    the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Whitney Larlee Lawrimore
WESTLAKE LEGAL GROUP
Suite 320
46175 Westlake Drive
Sterling, VA 20165

/s/ Micah J. Ratner                         September 9, 2014
     (signature)                                   (date)

- 2 -

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF JURISDICTION ........................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................3

STATEMENT OF THE CASE ...............................................................................3

SUMMARY OF ARGUMENT ............................................................................10

ARGUMENT .......................................................................................................11

I.    THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY
      DENYING WLG'S MOTION TO REMAND. ............................................12

      A.  The District Court Should Have Denied Yelp's Notice of Removal As
          Untimely. ............................................................................................12

          1.  The District Court erred by declining to apply Virginia law to
              determine when Yelp received the Defamation Process through
              service.............................................................................................13

          2.  Yelp Was Properly Served with th e Process for the Defamation
              Action on May 17, 2012 in Accordance with Virginia's Laws..........16

          3.  The District Court Wrongfully Asserted Jurisdiction Over This Matter
              in Violation of 28 USC 1446(c). .......................................................20

      B.  The District Court erred in finding that Yelp Did Not Waive Removal By
          Filing its Motion to Vacate in the Circuit Court. ...................................21

II.   THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY
      GRANTING YELP'S MOTION TO SET ASIDE WLG'S VALID FINAL
      VIRGINIA JUDGMENT BECAUSE THERE WAS PREJUDICE TO WLG
      AND THE CIRCUIT COURTHAD JURISDICTION TO ENTER
      DEFAULT JUDGMENT UNDER VIRGINIA LAW. ................................22

A.  WLG is Unfairly Prejudiced by the Setting Aside of the Default
     Judgment. ............................................................................................23

B.  The District Court's Granting of the Motion to Set Aside Based on a
     Finding that the Default Judgment is Void is an Abuse of Discretion
     Because the Circuit Court of Loudoun County Had Jurisdiction to Enter
     the Default Judgment Under Virginia Law.............................................24

III.    THE DISTRICT COURT ABUSED ITS DISCRETION IN GRANTING YELP'S
         MOTION TO DISMISS BECAUSE THE SURVIVAL OF WLG'S CLAIM WAS
         DEPENDENT ON FACTUAL DETERMINATIONS THAT SHOULD HAVE
         BEEN MADE BY A JURY..........................................................................................26

A.  The District Court Erred In Making Factual Determinations That a Jury
     Should Have Made By Determining that Yelp is an Interactive Computer
     Service Provider Protected Under the Communications Decency Act....27

     1.  Yelp's website, as a whole, is not information provided by another
          information content provider, rather Yelp itself is the information
          content provider...............................................................................29

     2.  Yelp is a publisher, speaker and author of its own content provided on
          its website ........................................................................................30

B.  The District Court Erred in Determining in Making Factual
     Determinations Regarding the Number of Times the Defamatory Post
     was Published. ......................................................................................31

CONCLUSION ....................................................................................................33

REQUEST FOR ORAL ARGUMENT...................................................................34

CERTIFICATE OF COMPLIANCE ....................................................................35

CERTIFICATE OF SERVICE...............................................................................36

ii

## **TABLE OF AUTHORITIES**

<u>CASE LAW</u>

<u>Ashcroft v. Iqbal</u>,
     556 U.S. 662, 129 S. Ct. 1937, (2009) ...................................................26, 27

<u>Barbour v. Int'l Union</u>,
     640 F. 3d 599 (4th Cir. Md. 2011) ...............................................................12

<u>Barnes v. Yahoo!, Inc.</u>,
     570 F.3d 1096 (2009)...........................................................................28, 29

<u>Basile v. American Filter Serv., Inc.</u>,
     231 Va. 34, 340 S.E.2d 800 (1986).............................................................19

<u>Bell Atl. Corp. v. Twombly</u>,
     550 U.S. 544, 127 S. Ct. 1955, (2007). .......................................................27

<u>Brazell v. Green</u>,
     67 F.3d 293 (4th Cir. S.C. Sept. 29, 1995) ...................................................13

<u>Carafano v. Metrosplash.com, Inc.</u>,
     339 F.3d 1119 (9th Cir. 2003).....................................................................28

<u>Cioca v. Rumsfeld</u>,
     720 F.3d 505 (4th Cir. Va. 2013) ................................................................27

<u>Colleton Prepartory Academy Inc. v. Hoover Universal, Inc.</u>,
     616 F.3d 413 (4th Cir. 2010),......................................................................25

<u>Compton v. Alton Steamship Co.</u>,
     608 F.2d 96 (4th Cir. 1979).........................................................................22

<u>Davis v. Musler</u>,
     713 F.2d 907 (2nd Cir. 1983)......................................................................23

<u>Dixon v. Coburg Dairy, Inc.</u>,
     369 F.3d. 811 (4th Cir. 2004).......................................................................12

Epps v. JP Morgan Chase Bank, N.A.,
    675 F.3d 315 (4th Cir. 2012)........................................................................26

Exxon Mobil Corp. v. Allapattah Servs. Inc.,
    545 U.S. 546, 125 S. Ct. 2611 (2005) .........................................................12

Gaskins v. Life Inst. East. Ltd.,
    71 Va. Cir. 113 (2006)..................................................................................19

Grubb v. Donegal Mut. Ins. Co.,
    935 F.2d 57 (4th Cir. Md. 1991) ..................................................................21

Hamilton v. Chrysler,
    1997 U.S. Dist. LEXIS 344 (W.D. Va. 1997) .............................................24.

Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,
    736 F.3d 255 (4th Cir. S.C. 2013) ...............................................................20

Kokkonen v. Guardian Life Ins. Co.,
    511 U.S. 375, 114 S. Ct. 1673 (1994) .........................................................12

Lovern v. GMC.,
    121 F.3d 160 (4th Circ. Va. 1997).................................................................20

Meyers v. Levinson,
    2005 US Dist. LEXIS 42799 (E.D. Va. 2005).............................................31

Neitzke v. Williams,
    490 U.S. 319, 109 S. Ct. 1827 (1989) .........................................................27

Ontario, Inc. v. DanSources Technical Services, Inc.,
    82 Va. Cir. 310 (2011)..................................................................................19

Park v. Lexington Insurance Company,
    812 F.2d 894 (4th Cir. 1987)...................................................................22, 23

Payne v. Brake,
    439 F.3d 198 (4th Cir. Va. 2006). ...........................................................12, 22

Price v. Wyeth Holdings Corp.,

505 F.3d 624 (7th Cir. Ind. 2007)............................................. 8, 9, 14, 15, 16

Romo v. Gulf Stream Coach, Inc.,
    250 F. 3d 1119 (7th Cir. Inc 2007).................................................................14

Specialty Hospitals of Washington, LLC v. Rappahannock Goodwill Industries,
Inc.,
    283 Va. 348, 722 S.E.2d 557 (2012) ...................................................... 19, 24

United States v. Poole,
    531 F.3d 263 (4th Cir. 2008).........................................................................12

Werner v. Carbo,
    731 F.2d 204 (4th Cir. 1984).........................................................................22

Zeran v. Am. Online Inc.,
    129 F.3d 327 (4th Cir. 1997).........................................................................30.


## STATUTES, RULES, ORDINANCES

28 U.S.C. §1291 ...............................................................................................2
28 U.S.C. §1332 ......................................................................................... 1, 20
28 U.S.C. §1441 ...............................................................................................1
28 U.S.C. §1446 ........................................................................ 1, 2, 13, 15, 20
47 U.S.C. § 230 ..................................................................................28, 29, 30
Fed. R. Civ. P. 32.1.......................................................................................13
Fed. R. Civ. P. Local Rule 32.1..................................................................13
Fed. R. Civ. P. 81..........................................................................................13
Fed. R. Civ. P. 55..........................................................................................25
Fed R. Civ. P. 60..........................................................................................22
Fed. R. Civ. P. 12...............................................................................26, 27, 34

Virginia Code §13.1-634 ...............................................................................24
Virginia Code §8.01-285................................................................................19
Virginia Code §8.01-301........................................................................ 4, 16, 17, 19
Virginia Code §8.01-316................................................................................16
Virginia Code §8.01-317................................................................................16
Virginia Code §8.01-320................................................................................16
Virginia Code §8.01-328.1.............................................................................16

Virginia Code §8.01-329...........................................................................4, 16, 19
Virginia Code §13.1-766.................................................................................16, 17
Virginia Code §13.1-928.................................................................................16, 17
Virginia Supreme Court Rule 3:8................................................................................6
Virginia Supreme Court Rule 3:19..........................................................................3, 6

## STATEMENT OF JURISDICTION

*Basis of District Court's Subject Matter Jurisdiction*

The Alexandria Division of the United States District Court for the Eastern District of Virginia ("District Court") improperly exercised subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1332 and 1441. 28 U.S.C. §1332 bestows upon the District Court, original jurisdiction of all civil actions in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C § 1441 authorizes, within 30 days of service of process, a defendant to remove any civil action pending in a State court to the division of the United States district court that embraces the district in which the action is pending. §28 U.S.C. §1446 provides the procedure by which a civil action pending in a State court may be removed and limits actions that may be heard by the District Court.

Appellee, Yelp, Inc. ("Yelp"), is a citizen of Delaware and California, as it is a corporate entity incorporated in Delaware, with its principal place of business in California.[1]    Appellants, Westlake Legal Group doing business as Thomas K. Plofchan, Jr. PLLC ("Westlake Legal Group") and Thomas K. Plofchan, Jr.

---

[1] Christopher Schumacher ("Schumacher"), who was a defendant in the action Yelp removed to the District Court, is a citizen of Nevada. WLG has a valid Virginia judgment against Schumacher as it does against Yelp. Collection proceedings were never initiated against Schumacher, he has never joined in Yelp's motion to vacate, nor has he ever entered an appearance in the District Court..

1

("Plofchan")(collectively "WLG"), are citizens of the Commonwealth of Virginia. The amount in controversy is $220,000.00.

However, as is more fully discussed below, the District Court lacks jurisdiction over this case, because the case, as filed in Loudoun County, Virginia was neither timely nor properly removed prior to the entry of a valid final judgment. Yelp filed its Notice of Removal of Action ("Notice of Removal") approximately two years after it was served with process for the Loudoun County, Virginia case, and approximately nineteen months after a valid final was entered against Yelp in that matter. This assertion of jurisdiction is contrary to §1446(b) which provides that a defendant may remove his action to federal court within thirty days of service of process, and §1446(c) which provides that the District Court may not hear a case that was commenced one year prior to removal if the only other basis for jurisdiction is diversity.

## *Basis of This Court's Jurisdiction*

Appellate jurisdiction is pursuant to 28 U.S.C. §1291 which grants appellate review of final decisions of United States district courts.

## *Timeliness and Ripeness of Appeal*

The issues presented by this appeal are ripe and the appeal was timely filed. The District Court entered a final judgment against WLG on August 19, 2014.

2

WLG timely filed its Notice of Appeal electronically on August 22, 2014, within

the thirty day deadline.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.     The District Court lacked jurisdiction to hear Yelp's Motion to Set
Aside the Default Judgment, Dismiss for Failure to State a Claim, or in the
alternative, Dismiss for Improper Venue ("Motion to Set Aside and Dismiss").
Pursuant to Virginia Code 8.01-301 and Virginia Supreme Court Rule 3:19, service
of process on the registered agent of Yelp's registered agent was proper where both
registered agents are corporate entities and the registered agent that received the
process was authorized to accept it on behalf of Yelp's registered agent.

   a. The District Court erred in asserting jurisdiction over this action
      without making an initial determination of whether the service of
      process on Yelp was valid under Virginia law;
   b. The District Court erred in determining that there was not valid
      service of process on Yelp's registered agent National Registered
      Agents, Inc. ("NRAI");
   c. The District Court erred in determining that service of process on CT
      Corporations Systems ("CT") was not service on NRAI and Yelp;
   d. The District Court erred in determining that an attempted return of
      process negates valid service of process on a registered agent.
   e. The District Court erred in determining that an attempt return of
      properly served process negates the valid service of process on a
      registered agent.

2.     The District Court erred in granting Yelp's Motion to Set Aside
Because There Is Prejudice to WLG and the Circuit Court of Loudoun County Had
Jurisdiction to Enter the Default Judgment.

3.     The District Court erred in granting Yelp's Motion to Dismiss
Because It Made Factual Determinations that Should Have Been Made by A Jury.

## STATEMENT OF THE CASE

On May 11, 2012, WLG filed a Complaint in the Circuit Court of Loudoun

County against Yelp, alleging defamation per se ("Defamation Action") because

3

Christopher Schumacher intentionally posted on Yelp's website false statements regarding WLG's services previously to Schumacher, (App. 82), and Yelp acted in conjunction with Schumacher in publishing, commenting, recommending, and editing the post and in refusing to remove the statements. (App. 83-84)

WLG filed a praecipe with the Complaint directing the Clerk of the Circuit Court to prepare the Complaint for service by Sheriff on the registered agent of Yelp, pursuant to Virginia Code §8.01-301, and for service by affidavit on the Secretary of the Commonwealth for Schumacher pursuant to Virginia Code §8.01-329. (App. 75.)

Yelp is a foreign corporation registered to do business in Virginia. Pursuant to Virginia Code §13.1-763, on or about March 30, 2012, Yelp designated National Registered Agents, Inc. ("NRAI"), located at 4701 Cox Road, Suite 301, Glen Allen, Virginia, 23060, as its registered agent. NRAI is also a foreign corporation registered to do business in Virginia. Pursuant to Virginia Code, NRAI designated CT Corporation System ("CT"), also a corporate entity, as its registered agent. (App. 179.)

NRAI and CT are subsidiary companies, owned by the same parent company, Wolster Kluwer, that provide registered agent services. (App. 156). In 2012, NRAI and CT shared the same office and utilized the same personnel. (Id.) It was the business practice of NRAI and CT to allow common personnel to

4

receive service of process for both companies at the same time, and then sort the processes into a set for NRAI, and a set for CT. (App. 156.) ("Our practice is to sort the documents received from the Sheriff for processing into sets, one per registered agent.") (Id.)

Lisa Uttech ("Uttech"), an employee of Wolster Kluwer, had the responsibility to receive process for NRAI and CT simultaneously and then sort the process into separate sets. (Id.) She is authorized to act as a registered agent for CT, and she is also authorized to accept service on NRAI's behalf. (Id.) On May 17, 2012, Uttech was served with the service of process for WLG's Defamation Action. (App. 156, 181.) While WLG asserts that Uttech's actions after she was served with process is not relevant to the issues before the Court, for the sake of completeness, after being served with the process, Uttech miscategorized the documents and placed them in the set of documents for CT, rather than for NRAI. (App. 156.)

The Sheriff filed a received return of service with the Clerk of the Circuit Court for Loudoun County indicating that he served the process on Uttech at the shared offices of NRAI and CT on May 17, 2012. (App. 102-03.) Attached to the return of service was a notarized authorization ("Service Authorization Form") executed by Uttech acknowledging her authorization accept service on behalf of NRAI and CT. (App. 104.) The Service Authorization Form specifically states:

5

"This authorization pertains to the authority of individuals to receive process on behalf of CT Corporation System, Business Filings Incorporated, **and National Registered Agents, Inc**. It does not certify the receipt or acceptance of any specific process." (App 104.)(emphasis added.)

Uttech now claims that, **after being served by the Sheriff and accepting the WLG process,** at a later time, she attempted to reject the process and return it to Plofchan along with a letter informing him of the same. (App. 158) She further alleged that the letter was sent to the Circuit Court to be filed as well. (Id.) There is no record of such communication with either WLG or the Circuit Court of Loudoun County. (App. 173.)

There is no authority under the Rules of the Supreme Court of Virginia, or the Virginia Code for a registered agent to reject or return process after having been properly served. Under the Rules of the Supreme Court of Virginia, Yelp had until June 8, 2012 to file responsive pleadings to the Complaint. Va. Sup. Ct. R. 3:8. Yelp failed to file any timely responsive pleading.

On June 29, 2012, WLG moved the Circuit Court for default judgment pursuant to Rule 3:19 of the Rules of the Supreme Court of Virginia. On October 2, 2012, the Circuit Court granted WLG's Motion for Default Judgment and ordered Yelp to remove the post complained of and to pay Westlake Legal Group and Plofchan each $100,000.00 in damages. (App. 116.)

6

On April 7, 2014, WLG attempted to collect on its judgment by filing with the Circuit Court a Summons to Answer Interrogatories, Notice to Debtor, and Subpoena Duces Tecum (collectively "Collection Pleadings"). (App. 134-40.) On April 15, 2014, WLG had its Collection Pleadings served on Yelp **in the same manner as the process for the Defamation Action was served**. (App. 141-42.) This time, Katie Bush ("Bush") was served the process by the Sheriff and she accepted it on behalf of NRAI and provided the Sheriff with an authorization form (App. 142) from CT identical (with the exception of the natural persons designated) to the Service Authorization Form.

On April 25, 2014, Yelp moved the Circuit Court of Loudoun County to stay the collections proceedings. (App. 146-48.) Notably, Yelp asserted that it was served through NRAI stating: "Yelp first learned about that judgment on or about April 15, 2014, when it was served – this time through NRAI in Virginia – with a summons to answer interrogatories and a subpoena duces tecum." (App. 143.) On April 28, 2014, Yelp filed in the Circuit Court of Loudoun County its Motion to Vacate Default Judgment, or Permit Late Responsive Pleading ("Circuit Court Motion to Vacate or File Late Pleading"), (App. 151.) thereby waiving its right to removal because it sought substantive relief.

On May 2, 2014, the Circuit Court of Loudoun County granted Yelp's motion to stay the collection proceedings provided that Yelp post a bond in the

7

amount of $220,000.00 prior to the return date for the Collection Pleadings and subject to the Circuit Court of Loudoun County's ruling on Yelp's motion to vacate. (App. 155.)

On May 15, 2014, Yelp filed its Notice of Removal of Action ("Notice of Removal") with the Alexandria Division of the United States District Court for the Eastern District of Virginia. (App. 9.) On May 22, 2014, Yelp also filed in the District Court its Motion to Set Aside and Dismiss on May 22, 2014. (App. 19.) On May 29, 2014, WLG filed in the District Court, its Motion to Remand to State Court ("Motion to Remand").[2] (App. 23.)

On June 11, 2014, Yelp filed its Opposition to Motion to Remand asserting that Yelp's registered agent had not provided it with the actual notice of the Complaint until April 2014: that WLG failed to serve Yelp because Uttech chose to place the service of process in CT's documents rather than NRAI's documents and that WLG had knowledge that the Complaint was not received because of Uttech's letter for which there is no evidence of receipt by WLG or the Circuit Court of Loudoun County. First, in large part relying on Price v. Wyeth Holdings Corp., 505 F. 3d 624 (7th Cir. 2007), a clearly distinguishable Seventh Circuit

---

[2] Attached to WLG's Motion to Remand is an affidavit from WLG averring that neither Westlake Legal Group nor Plofchan received a letter rejecting service of process on behalf of Yelp, (App. 149), and an affidavit from another attorney in Westlake Legal Group averring that there is no letter rejecting service of process on behalf of Yelp in the Circuit Court's file. (App. 173.)

8

opinion, Yelp erroneously asserted that actual notice of the Complaint was required before the removal period begins. (Opp. to Mot. to Remand, ECF#15, 14.) Yelp further erroneously contended that WLG failed to serve Yelp with the Complaint reasoning that because Uttech, who received the process, was allegedly an employee of CT and therefore, NRAI was never served. (Id. at 16.) Finally, Yelp asserted that Plofchan knew that Yelp did not receive the Complaint because Uttech allegedly sent Plofchan and the Circuit Court a letter indicating as much, though there is no evidence that either Plofchan or the Circuit Court ever received the alleged letter. (Id. at 19-20.)

WLG promptly replied to Yelp's Opposition asserting among other, things that Yelp was properly served and no notice of remand was made within 30 days of the service of process. (Reply to Resp. to Mot. to Remand, ECF#16, 1.)

On June 13, 2014, the District Court heard oral argument on WLG's Motion to Remand. Ignoring firmly established precedent that requires it to apply state law to pre-removal actions, the District Court held that because actual notice was not received by Yelp, the Notice to Remove was timely. ("I read the Price case more broadly than you, Mr. Plofchan, and believe that in a situation here where actual notice has not been provided, the service issue is murky at this stage, but NRAI, as counsel has stated, was the registered agent.") (App. 46.) The District Court did not determine whether Yelp was properly served under Virginia's laws.

9

("And although it requires its own registered agent if sued, that doesn't mean that
NRAI, as you've certainly identified, was the proper party to serve. And that's a
question we will answer another day.") (App. 46.) However, after making its
ruling, the District Court acknowledges that "Virginia law does apply to the service
as to whether it is effective or not." (App. 49.)

After wrongfully usurping Virginia's jurisdiction over Yelp's Motion to
Vacate, the District Court heard Yelp's Motion to Set Aside and Dismiss, WLG's
response, and Yelp's reply on the papers. The District Court then entered a final
order on August 16, 2014 denying WLG's motion to reconsider the denial of its
Motion to Remand, granting Yelp's Motion to Set Aside and Dismiss, and
dismissing WLG's Complaint with prejudice, and in effect vacating the Loudoun
County Circuit Court's final, non-appealable judgment. This appeal ensued.

## SUMMARY OF ARGUMENT

The District Court erred by denying WLG's Motion to Remand and
wrongfully asserting jurisdiction over WLG's Defamation Action. Federal Courts
have limited jurisdiction and thus, there are stringent timing and factual restraints
on removing matters to the federal courts. In this instance, removal was untimely
because WLG properly served Yelp under Virginia's law more than two years
before the case was removed to federal court. Moreover, the District Court found
that service was improper by finding that WLG was required to go above and

10

beyond Virginia's statutory service of process requirements and give Yelp actual notice, thus negating the purpose of a corporation having a registered agent.

After wrongfully asserting jurisdiction, the District undermined the validity and finality a default judgment properly obtained under Virginia law by setting aside the judgment. The District Court unfairly prejudiced WLG by overturning the default judgment and effectively usurped the State court of its valid jurisdiction. In doing so, the District Court undermined the State court's authority, then reversed its decision without having the jurisdiction to do so, as more fully explained herein.

Finally, the District Court abused its discretion in granting Yelp's Motion to Dismiss as the ruling was based on factual determinations more appropriate for jury deliberation. Specifically, whether Yelp is an internet content provider and how many times the defamation was published were issues for the jury to determine after receiving sufficient facts. When a jury has been demanded, as it was here, it is improper for the District Court to assume the role of the jury especially when it has not received sufficient facts to make a valid determination.

For these reasons and the arguments that support them below, this Court should vacate the District Court's Orders, and remand the matter to the Loudoun County Circuit Court.

## ARGUMENT

11

## I.    THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY DENYING WLG'S MOTION TO REMAND.

This Court reviews questions regarding removal to federal court under a de novo standard of review. Payne v. Brake, 439 F.3d 198, 203 (4th Cir. 2006). "Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." Barbour v. Int'l Union, 640 F.3d 599 (4th Cir. Md. 2011)(en banc)(abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)). Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S. Ct. 2611 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673 (1994)). Any doubt about the propriety of removal should be resolved against the federal forum and in favor of remanding to state court. Dixon v. Coburg Dairy, Inc., 369 F.3d. 811, 816 (4th Cir. 2004)(en banc).

### A.    The District Court Should Have Denied Yelp's Notice of Removal As Untimely.

12

1. The District Court erred by declining to apply Virginia law to determine when Yelp received the Defamation Process through service.

Section 1446(b)(1) of Title 28 of the United States Code provides the

general procedural requirements for removal of a civil action from State court to a

United States District Court. Specifically, it states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b)(1)(emphasis added).

The determination of whether service is valid pursuant to Virginia's laws iss

critical to the determination of whether the Notice of Removal was timely. Rule

81(c)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that the FRCP

do not apply to a civil action until it has been removed from the State court. Fed.

R. Civ. P. 81(c)(1). Consistent with FRCP 81, this Court held in an unpublished

opinion that "the validity of service prior to removal is determined by the law of

the state under which service was made." Brazell v. Green, 1995 U.S. App.

LEXIS 27638 (4th Cir. S.C. September 29, 1995).[34]

---

[3] Brazell has been provided at the end of this brief pursuant to FRCP 32.1 and Local Rule 32.1.

13

Here, WLG urged the District Court to consider the Virginia laws on

service, asserting that Yelp was served with process for the Defamation Actions on

May 17, 2012 because service was valid under Virginia's laws. The District Court

refused to apply Virginia law on service, instead stating,

> Well, I am going to deny the motion to remand. I read the Price case
> more broadly than you, Mr. Plofchan, and believe that in a situation
> here where actual notice has not been provided, the service issue is
> murky at this stage, but NRAI, as counsel had stated, was the
> registered agent. And although it requires its own registered agent if
> sued, that doesn't mean that NRAI, as you've certainly identified, was
> the property party to serve. And that's a question we will answer
> another day. But I certainly think that the Price case makes the
> removal proper.

(App. 46.)

The District Court's ruling was made despite having been alerted by WLG to the

numerous appreciable differences between the facts in Price and the facts here.

In Price, the plaintiffs initiated an action against the defendant, served it

according to Indiana's service requirements, and then **voluntarily dismissed** the

action before defendant entered an appearance or filed a responsive pleading.

Price, supra at 626-27. **Five years later, plaintiffs moved to reinstate their**

**action but failed to serve defendants**. Id. at 627. Plaintiffs then filed a motion

---

[4] Ironically, the Seventh Circuit opinion on which the District Court relied in
finding timeliness, Price v. Wyeth, 505 F. 3d 624, 628 (7th Cir. 2007), also makes
clear that the state rules must be examined to determine whether service was valid.
(citing Romo v. Gulf Stream Coach, Inc., 250 F. 3d 1119, 1122 (7th Cir. Ind.
2007)); see also discussion at 629-30, (applying Indiana law to determine when the
30 day deadline runs).

14

for default judgment, informing the court that defendants had been served but failing to mention the voluntary dismissal. Id. Plaintiffs were awarded a five million dollar judgment that they did not attempt to collect on until four years later. Id. At that time, plaintiffs served the registered agent of defendants and defendants removed the case to federal court. Id. at 628.

The District Court misinterprets the holding of Price. Price did not require actual notice of an action prior to removal. Rather, Price explained that under the facts of the situation there, where the action was voluntarily dismissed prior to resolution, and then reinstated without service of process on the defendants pursuant to Indiana laws, the removal deadlines did not runt until the defendants were served. Id. at 630.

Price is further distinguishable from the instant matter. In its discussion of the time limits imposed by Section 1446, the court in Price grounded its opinion on the distinguishing fact that plaintiffs had voluntarily dismissed the lawsuit and failed to re-serve defendants upon reinstatement. Id. at 630.

Here, WLG properly served Yelp pursuant to Virginia's laws on service of process, as discussed infra, and obtained its Default Judgment only after giving Yelp notice as required by Virginia law. WLG never voluntarily dismissed the Defamation Action and neither did the Circuit Court.

15

Thus, the circumstances in Price are unquestionably distinguishable in material respects.

> ### 2. Yelp Was Properly Served with th e Process for the Defamation Action on May 17, 2012 in Accordance with Virginia's Laws.

Yelp was properly served on May 17, 2012 under Virginia's laws governing service of process on foreign corporations. Virginia Code §8.01-301 provides that service on a foreign corporation may be effected in the following manner:

> 1. By personal service on any officer, director or on the registered agent of a foreign corporation which is authorized to do business in the Commonwealth, and by personal service on any agent of a foreign corporation transacting business in the Commonwealth without such authorization, wherever any such officer, director, or agents be found within the Commonwealth;
>
> 2. By substituted service on a foreign corporation in accordance with §§ 13.1-766 and 13.1-928, if such corporation is authorized to transact business or affairs within the Commonwealth;
>
> 3. By substituted service on a foreign corporation in accordance with § 8.01-329 or by service in accordance with §8.01-320, where jurisdiction is authorized under § 8.01-328.1, regardless of whether such foreign corporation is authorized to transact business within the Commonwealth; or
>
> 4. By order of publication in accordance with §§ 8.01-316 and 8.01-317 where jurisdiction in rem or quasi in rem is authorized, regardless of whether the foreign corporation so served is authorized to transact business within the Commonwealth.
>
> This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation.

Under Code §8.01-301(2), WLG was permitted to serve the process for the

Defamation Action Yelp by serving CT. Virginia Code §§ 13.1-766 (which

applies to foreign stock corporations) and 13.1-928 (which applies to foreign non-

stock corporations) provide that service of process is to made in the following

manner:

> The registered agent of a foreign corporation authorized to transact business
> in this Commonwealth shall be an agent of such corporation upon whom
> **any process, notice, order or demand required or permitted by law to
> be served upon** the corporation may be served. The registered agent may
> by instrument in writing, acknowledged before a notary public, designate a
> natural person or persons in the office of the registered agent upon whom
> any such process, notice, order or demand may be served. Whenever any
> such person accepts service of process, a photographic copy of such
> instrument shall be attached to the return.

Va. Code. Ann. §§13.1-766, 13.1-928 (2014)(emphasis added).

By making NRAI its registered agent, Yelp acknowledged in advance that it

would be properly served by, "any process, notice, order or demand required or

permitted by law …served upon" NRAI. By making CT its registered agent,

NRAI in turn, acknowledged in advance that it would be properly served by "any

process, notice, order or demand required or permitted by law… served upon" CT.

Pursuant to Virginia Code §§13.1-766 and 13.1-928, as NRAI's registered agent,

CT may, by instrument in writing and notarized, designate a natural person upon

whom any such process may be served. CT designated Lisa Uttech and Katie

Bush, among others, to accept such process through its notarized Service

17

Authorization Form. This Service Authorization states: "This authorization pertains to the authority of individuals to receive process on behalf of CT Corporation System, Business Filings Incorporated, **and National Registered Agents, Inc**. It does not certify the receipt or acceptance of any specific process." (App. 108.)(emphasis added).

Uttech acknowledges under oath that she was personally authorized to receive process on behalf of CT and NRAI. (App. 156, 185.) She also acknowledges that she was served with the process on May 17, 2012. (App. 185.)

Uttech's alleged return of process, which is disputed (App. 149, 173), is irrelevant. In order to attempt to return process, Uttech specifically and implicitly acknowledges that she would first have to be served with process. Under Virginia law, Yelp was served with process when its registered agent was served with process regardless of what actions the registered agent subsequently took with the process.

The record is clear that the Sheriff served the process on Uttech, the authorized agent for both CT and NRAI. (App. 102-03.) The return of service signed by the Sheriff clearly identifies Uttech as the recipient of the process. (App. 103.) Uttech does not deny being served with process, she merely denies that she signed the return of service. (App. 157.) This is a distinction without relevance as there is no dispute that the Sheriff signed the return of service.

18

WLG was also permitted to serve the process for the Defamation Action

byserving CT under Code §8.01-301(3).  Code §8.01-329 provides:

> When the exercise of personal jurisdiction is authorized by this chapter, service of process or notice may be made in the same manner as is provided for in Chapter 8 (§8.01-285 et seq.) of this title in any other case in which personal jurisdiction is exercised over such a party, or process or notice may be served **on any agent** of such person in the county or city in the Commonwealth in which that agent resides or on the Secretary of the Commonwealth of Virginia, hereinafter referred to in this section as the "Secretary," who, for this purpose, shall be deemed to be the statutory agent of such person.

Va. Code Ann. §8.01-329 (2014)(emphasis added).  The only way to serve NRAI,

and thus serve Yelp, is to serve process on the registered agent of NRAI, CT or on

a natural person designated to accepted service on NRAI's behalf.

The District Court does not address the service of process issue until the case

was removed.  The District Court again rested its decision on the fact that Yelp did

not have "actual notice" of the Defamation Action even though Virginia law does

not require actual notice.  As the Virginia Supreme Court stated in Specialty

Hospitals of Washington, LLC v. Rappahannock Goodwill Industries, Inc., 283

Va. 348, 356 (2012), actual notice is not required when service is made on a

statutory agent under §8.01-329.  See also Basile v. American Filter Serv., Inc.,

231 Va. 34, 38, 340 S.E.2d 800, 802 (1986); 2218815 Ontario, Inc. v. DanSources

Technical Services, Inc., 82 Va. Cir. 310 (2011); Gaskins v. Life Inst. East. Ltd.,

19

71 Va. Cir. 113, 114 (2006). As this case is decided de novo that the District Court clearly erred in determining that actual notice was required.

>    3.    The District Court Wrongfully Asserted Jurisdiction Over This
>           Matter in Violation of 28 USC 1446(c).

The District Court abused its discretion in denying remand to the Circuit Court under Section 1446(c)(1) of Title 28 of the United States Code which provides, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

As this Court explained, "[i]n diversity cases, the statute…erect[s] an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. §1332 "more than 1 year after commencement of the action." Lovern v. GMC, 121 F.3d 160, 163 (4th Cir. Va. 1997). Further, in Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. S.C. 2013), the Court explained that it has an "obligation to construe removal jurisdiction strictly because of the significant federalism concerns implicated." This Court discussed, albeit in the context of the rule of unanimity, that Congress's intent in enacting the one year deadline was to "limit removal to prevent it from being used too broadly or casually." Id. Because Yelp did not attempt to remove the matter until after two years after the commencement of the action the limits of 28 U.S.C. §1446(c) apply

20

to bar Yelp from removing the case. The District Court's improper assertion of
jurisdiction is therefore fundamental error.

## B.    The District Court erred in finding that Yelp Did Not Waive Removal By Filing its Motion to Vacate in the Circuit Court.

In reviewing the District Court's determination that Yelp did not waive its
right to removal, this Court reviews for clear error. Grubb v. Donegal Mut. Ins.
Co., 935 F.2d 57, 59 (4th Cir. Md. 1991). Under this Court's ruling, a defendant
may waive its 30 day right to removal by demonstrating a clear and unequivocal
intent to remain in state court. Id.

Here, the District Court erred in finding that "[Yelp has not] taken any
action akin to seeking a final determination on the merits of the case. In other
words, [Yelp's] actions in state court do not amount to the substantial and
affirmative actions that would signal a waiver of their removal right, such as filing
a cross-claim or motion for summary judgment for example." (App. 50.)

By filing its Motion to Vacate prior to removal and setting the motion on the
docket for hearing, Yelp took substantial affirmative steps toward a final
determination on the merits, which is whether the Default Judgment should be
vacated. After the Circuit Court stayed the Collections proceedings conditioned on
Yelp's posting of bond, Yelp decided to attempt to remove the action to the federal
court, almost one month later. Yelp's conduct prior to removal demonstrated a
clear and unequivocal intent to remain in state court, until it realized that under

21

Virginia's laws, it may not be able to overturn the default judgment. In this case, it is apparent that Yelp is forum shopping to avoid Virginia's strict rules on default judgments and service of process. Therefore, this Court should reverse the District Court as Yelp waived its remove the case to federal court.

## II.    THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY GRANTING YELP'S MOTION TO SET ASIDE WLG'S VALID FINAL VIRGINIA JUDGMENT BECAUSE THERE WAS PREJUDICE TO WLG AND THE CIRCUIT COURT HAD JURISDICTION TO ENTER DEFAULT JUDGMENT UNDER VIRGINIA LAW.

The District Court's decision to set aside a default judgment is reviewed for an abuse of discretion. Payne v. Brake, 439 F.3d 198, 203 (4th Cir. Va. 2006). In all cases, a Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant and must proffer a meritorious defense. Park v. Lexington Insurance Company, 812 F.2d 894, 896 (4th Cir. 1987). If such finding is made, then a movant must satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from judgment. Id.; Werner v. Carbo, 731 F.2d 204, 206-207 (4th Cir. 1984); Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979). The District Court's decision to set aside the Default Judgment must be vacated because it abused its discretion in finding that Plofchan would not be unfairly prejudiced by setting aside the default judgment and by finding that Yelp had meritorious defenses.

22

## A. WLG is Unfairly Prejudiced by the Setting Aside of the Default Judgment.

The District Court held that Plofchan would not be prejudiced by setting aside the default judgment primarily based on its determination that Plofchan allegedly received "notice that Yelp had not been properly served." The record clearly reflects that Uttech accepted the Defamation Process. This bell cannot be unrung. There is no evidence that Plofchan received the alleged letter attempting to return the service of process. Furthermore, nothing in the record supports a finding that Plofchan received a letter attempting to reject service that was already effected. In fact there is an affirmative denial of such receipt (App. 149.) For example, there is no certified mailing or other documentation indicating that Plofchan received the alleged letter. In addition, the lack of any filing of the letter with the Circuit Court of Loudoun County rebuts any presumption that WLG received any such letter.

There can be no doubt that WLG was prejudiced because the District Court vacated a final, non-appealable order in their favor. Additionally, the burden was on Yelp to establish a lack of prejudice to WLG before the motion to vacate can be granted. Park, 812 F.2d at 896. Prejudice results when delay causes "loss of evidence, create[s] difficulty of discovery, or provide[s] greater opportunity for fraud and collusion." Id. at 896, (citing Davis v. Musler, 713 F.2d 907, 916 (2nd

23

Cir. 1983)).  Yelp failed to establish that because of the passage of time, the

memories of witnesses are not deteriorated, or that records of all modifications and

re-publications of its various websites were preserved so that the parties could

proceed on the Defamation Action.  Thus, the District Court abused its discretion

in finding that WLG is not unfairly prejudiced by the setting aside of the default

judgment.

**B.    The District Court's Granting of the Motion to Set Aside Based on a Finding that the Default Judgment is Void is an Abuse of Discretion Because the Circuit Court of Loudoun County Had Jurisdiction to Enter the Default Judgment Under Virginia Law.**

A corporation receives an initial pleading when a corporate officer or other

person duly authorized to receive and act upon it receives it.  Hamilton v. Chrysler,

1997 U.S. Dist. LEXIS 344 (W.D. Va. 1997).  A registered agent for service of

process is precisely that and no more.  Id.; Va. Code. §13.1-634(B).  The sole duty

of a registered agent is to forward to the corporation at its last known address any

notice that is served on the registered agent.  Id.  There is no requirement, under

Virginia law, that mandates a duty on a plaintiff to ensure that actual notice of the

proceeding was forwarded to the corporation.  Specialty, 283 Va. 348 (2012).

As previously stated, on May 17, 2012, Yelp was served with the

Defamation Process when Uttech, an individual authorized to receive service on

behalf of both NRAI and CT, received Defamation Process from  Sheriff's deputy.

24

Uttech further provided the deputy with an "Authorization of Service" document that indicated she was authorized to accept service on behalf of CT, Business Filings Incorporated and NRAI, despite the moot point that she was allegedly only employed by CT. Uttech, in her affidavits, acknowledges receipt of the papers, and, in fact, indicates that they were miscategorized and channeled to the wrong registered agent, CT. Uttech, on behalf of NRAI and Yelp, received the Defamation Process, service of process was perfected under Virginia law. Notably, an almost identical document was produced by Bush in April 2014, which authorized her to accept service on behalf of CT, Business Filings Incorporated and NRAI. The District Court made no mention of the fact that there was no question of service of process the second time around.

The District Court erroneously relied on Colleton Prepartory Academy Inc. v. Hoover Universal, Inc., 616 F.3d 413, 420 (4th Cir. 2010), in reaching its decision. In Colleton, this Court specifically stated "[w]e need **not** examine here whether and under what circumstances an agent's mishandling of process should be charged to a defendant." Id. (emphasis added). Rather, the Court reversed the district court's ruling because of the overwhelming evidence supporting 'good cause' to vacate the entry of the default under Fed. R. Civ. P. 55(c). Id. The Court's ruling has nothing to do with whether the defendant received actual notice

of the complaint, and the court made no further analysis to support such conclusion.

Because WLG properly served Yelp, in accordance with Virginia law, there is no violation of due process of law. WLG had no duty to provide further notification to Yelp once the Defamation Process was received by CT, nor was it required to give notice of entry of the default judgment. To find otherwise would declare the Virginia Statue and Rules of the Supreme Court of Virginia unconstitutional. Clearly, the Circuit Court of Loudoun County had jurisdiction and authority to enter the Default Judgment. Therefore, the District Court abused its discretion in finding that the Circuit Court did not have jurisdiction to enter the default judgment.

## III.    THE DISTRICT COURT ABUSED ITS DISCRETION IN GRANTING YELP'S MOTION TO DISMISS BECAUSE THE SURVIVAL OF WLG'S CLAIM WAS DEPENDENT ON FACTUAL DETERMINATIONS THAT SHOULD HAVE BEEN MADE BY A JURY.

The District Court abused its discretion in dismissing the Complaint under FRCP 12(b)(6). The standard of review of a grant of dismissal pursuant to Rule 12(b)(6) is de novo. "We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." Epps v. JP Morgan Chase Bank, N.A., 675 F.3d 315, 320 (4th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173

L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127

S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Cioca v. Rumsfeld, 720 F.3d 505, 508 (4th

Cir. Va. 2013) "A well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of the facts alleged is improbable"; see also Neitzke v.

Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule

12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a

complaint's factual allegations"). The sole exception to this rule lies with

allegations that are sufficiently fantastic to defy reality as we know it: claims about

little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."

Ashcroft v. Iqbal, 556 U.S. 662, 696 (U.S. 2009).

WLG asserted sufficient facts in its Complaint to support a claim for

defamation per se against Yelp and the District Court abused its discretion by

dismissing it. The District Court dismissed the Complaint finding that the Virginia

statute of limitations and the Communications Decency Act barred the Complaint

from being heard. However, whether those bars apply to Yelp depend on factual

determinations that should have been made by a jury.

> **C. The District Court Erred In Making Factual Determinations
> That a Jury Should Have Made By Determining that Yelp is an
> Interactive Computer Service Provider Protected Under the
> Communications Decency Act.**

27

Section 230 protects a service provider from liability for providing access to offensive or objectionable content that was created by a third party. Barnes v. Yahoo!, Inc., 570 F.3d1096, 1101-02 (2009). It does not, however, protect a service provider for providing access to content that the service provider itself created. Id. Where an interactive computer service is responsible for the "creation or development of" the particular information at issue, then the service provider is an "information content provider" unprotected by the CDA. Carafano v. Metrosplash.com, Inc., 339 F.3d 1119, 1101-02 (9th Cir. 2003). Yelp disputed that it was an information content provider. (Resp. to Opp. to Mot. Set Aside, ECF #25, 22.) The District Court unilaterally determined that the Communications Decency Act applied to bar relief rather than having an evidentiary hearing to determine if Yelp was an information content provider or a publisher to which immunity does not apply. This determination was in error and is reversible as these were factual determinations that a jury should have made.

The CDA protects from liability (1) a provider of an interactive computer service (2) whom a plaintiff seeks to treat as a publisher, and (3) of information provided by another information content provider. The main element that courts must determine when establishing whether a defendant is immune under the CDA is whether the cause of action requires the court to treat the defendant as the

28

"publisher or speaker of content provided by another party." Barnes, 570 F.3d at 1101-02.

All three elements are not satisfied because Yelp, in this case, is not a publisher and speaker for a third party, but is instead an information content provider, of its website pages.

### 2. Yelp's website, as a whole, is not information provided by another information content provider, rather Yelp itself is the information content provider

WLG's claim against Yelp does not rest on the defamatory statement created by Schumacher, but rather the matter, means, and control of how the Yelp webpage as a whole is created and developed by Yelp. An information content provider is defined "as any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 USC § 230(e)(3).

WLG does not dispute that Schumacher is an information content provider himself, but Yelp too falls into the same category because of its involvement in categorizing, manipulating and controlling the content on its website. Yelp has not created or developed the actual review posted by Schumacher, but it has created and developed the webpage in which Schumacher's review is posted on. Once an individual has posted a review on the server, Yelp then controls, analyzes, edits, organizes and recommends each review on the webpage to its viewers, prior to any

29

review by its viewers. Just like a movie reviewer such as Siskel and Ebert do not write the movies they review, they still provide content that analyses the content of others.

Because of Yelp's direct action in producing and developing the content on its website, the content on the website cannot be deemed information provided by another information provider. In fact, Yelp is the information provider itself. Yelp cannot satisfy the second element of Section 230.

### 3. Yelp is a publisher, speaker and author of its own content provided on its website

The purpose of Section 230 is to protect interactive computer service providers from liability for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content. Zeran v. Am. Online Inc., 129 F.3d 327, 330 (4th Cir. 1997). There is no claim that WLG seeks damages for publishing or altering Schumacher's content.

Yelp's interaction in the adoption, creation and development of reviews by its users constitutes more than traditional editorial functions protected under Section 230. Yelp creates the content of its website and expresses an opinion as to the merits of review. It also manipulates and recommends the reviews on its website. Yelp even goes as far as to "recommend" certain posts and "not recommend" others – this clearly goes beyond "the traditional editorial functions." Reviews that are posted on the website do not all appear on each entity and/or

30

person's main page; rather, Yelp "somehow" determines which reviews should appear on the main page and which reviews require a reviewer to "click" on a new link, which will bring them to another page. Again, this organization and manipulation is independently developed, authored and created by Yelp. Yelp's development and creation of its website goes beyond the traditional editorial functions of an interactive service provider.

Yelp's actions clearly fall outside the boundaries of a publisher's traditional editorial function, and Yelp should not be immune from liability for these actions. Yelp creates the content that is portrayed to its viewers and should be held responsible for its actions as a result of providing defamatory content on its website to the public.

Therefore, the District Court should have allowed a jury to determine whether Yelp is an information content provider or a publisher of the website content.

### D. The District Court Erred in Determining in Making Factual Determinations Regarding the Number of Times the Defamatory Post was Published.

In Virginia, a defamation action accrues and the statute of limitation begins to run when the defamatory material is "published," i.e. communicated or transmitted to a third party. Meyers v. Levinson, 2005 US Dist. LEXIS 42799 (E.D. Va. 2005). A republication of defamatory material following the initial

31

publication does not constitute a continuing tort, nor does it toll the running of the limitation period on the initial publication.  Id.  Each republication of the same defamatory material, **if a separate and distinct publication**, gives rise to a new action.  Id.  (emphasis added).

The single publication rule does not apply in this instance.  The single publication rule is described as a single aggregate publication of the same defamatory material to an intended audience, which may consist of many copies of the same material distributed within a large group.  Id.  This distribution gives rise to only one cause of action.  Id.

In this case, Yelp authored and published a defamatory website and then authored and republished different websites overtime.  Yelp has authored, created and controlled all the posts found on its website by organizing, monitoring, recommending, controlling, and manipulating its content.  Under the single publication doctrine, in order to be under the same statute of limitation, the same defamatory website must be republished each time that it is released the public.  The single publication  rule does not apply here.

Here, the website has been changed and the page has been republished and reorganized at least eight times by Yelp, to include additional posts, comments, ratings, etc.  After the parties posted said reviews, Yelp in turn organizes and manipulates the posts to determine what order and by what means they should be

32

recommended and posted to its website. The website does not contain the same material in each republication and is distinct from what is intended by the single publication rule.

Prior to the filing of the lawsuit in Loudoun County, as apparent from the website, the republication in different form was on August 28, 2011 when Yelp organized and authored the republication of the website to contain the post added by Deb R. The republication of Yelp's website gave rise to a new action. The statute of limitations period for this republication expired on August 28, 2012. Plaintiffs filed its defamation lawsuit on May 11, 2012, more than three months before the expiration of the statute of limitations. The determination of how the website was changed and republished requires evidence that must be evaluated by a trier of fact. They are not determinations that should have been made by the District Court on a Rule 12(b)(6) motion. Thus, the District Court abused its discretion in making factual determinations and dismissing the Complaint.

## CONCLUSION

WLG's service of process on Yelp complied with the requirements of Virginia Law. Yelp's Notice of Removal, filed more than 2 years after the commencement of the case through proper service in the State court, was not timely filed. The United States Code does not give the District Court discretion to assert jurisdiction contrary to its clear mandate. Further, Yelp sought substantial

33

and final relief in the State court. Therefore, this Court should reverse the District Court's ruling granting Yelp's Motion for Removal and remand this matter to the District Court with instructions to deny Yelp's Notice of Removal and to remand this matter to the State court where judgment was properly entered.

Should this Court fail to provide the relief outlined in the previous paragraph, the Court should nonetheless reverse the District Court's ruling granting Yelp's Motions to Set Aside the Default Judgment and to Dismiss and remand this matter for trial in the District Court. WLG was clearly prejudiced by the overturning of a valid, final, and non-appealable order. Further, in declaring the final judgment void for defective service, the District Court is clearly wrong on the Virginia law. Finally, the District Court erred in dismissing the Defamation Action on a Rule 12(b)(6) motion since it should have allowed a jury to determine disputed facts rather than weigh the facts on its own. Should this Court determine that the District Court's ruling granting removal was proper, material issues of fact still remain that require presentation to an appropriate fact finder. WLG prays that the Court will vacate the District Court's orders denying the Motion to Remand, and granting the Motions to Set Aside and Dismiss, and remand this case to State court, and for such other relief as this Court deems proper.

## REQUEST FOR ORAL ARGUMENT

WLG respectfully requests that this Court hear oral argument in this case.

Respectfully Submitted,

WESTLAKE LEGAL GROUP D/B/A
THOMAS K. PLOFCHAN, JR.

and

THOMAS K. PLOFCHAN, JR.

By Counsel

WESTLAKE LEGAL GROUP

/s

_____

Thomas K. Plofchan, Jr., VA Bar # 34536
Lavanya K. Carrithers, VA Bar #81947
*Counsel for Westlake Legal Group d/b/a Thomas K. Plofchan, Jr. and Thomas K. Plofchan, Jr.*
46175 Westlake Drive
Suite 320
Potomac Falls, Virginia 20165
Telephone: (703) 406-7616
Facsimile: (703) 444-9498
Electronic Mail:    tplofchan@westlakelegal.com
                    lcarrithers@westlakelegal.com

## CERTIFICATE OF COMPLIANCE

In accordance with Rules 32(a)(7)(B) and (C) of the Federal Rules of Appellate Procedure, the undersigned counsel for appellant certifies that the accompanying brief is printed in 14 point typeface, with serifs, and, including footnotes, contains no more than 14,000 words. According to the word-processing system used to prepare the brief, Microsoft Word, it contains 8,464 words.

/s

_____

Thomas K. Plofchan, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies:

1. That a copy of the foregoing Opening Brief was electronically filed with the Clerk of the Court using the CM/ECF System on October 20, 2014, which will send notice of such filing to the following registered CM/ECF users:

> Micah J. Ratner, VA Bar #78961
> Laura R. Handman (pro hac vice)
> DAVIS WRIGHT TREMAINE LLP
> *Counsel for Yelp, Inc.*
> 1919 Pennsylvania Avenue, N.W.
> Suite 800
> Washington, DC 20006-3401
> Telephone: (202) 973-4200
> Facsimile: (202) 973-4499
> Electronic Mail:    micahratner@dwt.com
>                     laurahandman@dwt.com

2. This same date, eight paper copies of the same were mailed via overnight delivery by a third party commercial carrier to the Clerk of the Court.

/s

_____

Thomas K. Plofchan, Jr.

36



13 of 24 DOCUMENTS

### JERRY ROSS BRAZELL, Plaintiff-Appellant, v. JAMES GREEN; SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Defendants-Appellees.

#### No. 94-7214

#### UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

#### *1995 U.S. App. LEXIS 27638*

#### September 19, 1995, Submitted
#### September 29, 1995, Decided

**NOTICE:** [*1] RULES OF THE FOURTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *67 F.3d 293, 1995 U.S. App. LEXIS 32474.*

**PRIOR HISTORY:** Appeal from the United States District Court for the District of South Carolina, at Columbia. C. Weston Houck, Chief District Judge. (CA-93-3146-3-2BD).

**DISPOSITION:** VACATED AND REMANDED

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff filed a *42 U.S.C.S. § 1983* action against defendants in state court. After defendants removed the action, the United States District Court for the District of South Carolina adopted a magistrate's recommendation to dismiss plaintiff's complaint, without prejudice, for failure to properly serve defendants under state law. Plaintiff appealed from the district court's order.

**OVERVIEW:** After removing the action to the district court, defendants asserted that plaintiff failed to serve

them in accordance with South Carolina law. The magistrate and the district court concluded that plaintiff failed to properly serve defendants pursuant to S.C. R. Civ. P. 3(a). On appeal, the court held that the district court properly found that service was governed by South Carolina law and that service was made improperly. However, the court further held that, pursuant to *28 U.S.C.S. § 1448*, the district court should have allowed plaintiff to re-serve defendants in accordance with *Fed. R. Civ. P. 4*. Defendants had notice of the action and were not prejudiced by plaintiff's failure to serve them properly.

**OUTCOME:** The court vacated the district court's order, which adopted the magistrate's recommendation to dismiss plaintiff's *§ 1983* complaint without prejudice. The court remanded the case to permit plaintiff to re-serve defendants.

**COUNSEL:** Jerry Ross Brazell, Appellant Pro Se.

James M. Brailsford, III, E. Meredith Manning, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, South Carolina, for Appellees.

**JUDGES:** Before WIDENER and MURNAGHAN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

**OPINION**

## OPINION

### PER CURIAM:

Jerry Ross Brazell appeals from the district court's order adopting the magistrate judge's recommendation to dismiss his *42 U.S.C. § 1983 (1988)* complaint, without prejudice, for failure to properly serve the defendants. Brazell originally filed his complaint in South Carolina state court in 1993. The defendants removed to federal court and filed a motion to dismiss claiming, inter alia, that Brazell had failed to properly serve them in accordance with South Carolina law. The magistrate judge recommended dismissing on that basis and the district court [*2] agreed. The magistrate judge and the district court first properly found that the validity of service prior to removal is determined by the law of the state under which service was made. *See* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (1987). We also agree with their conclusions that Brazell did not properly serve the defendants under South Carolina law which provides that a civil action is commenced by filing and service of a summons and complaint. S. C. R. Civ. P. 3(a).

However, instead of dismissing his action, the district court should have allowed Brazell an opportunity to re-serve the defendants in accordance with the Federal Rules of Civil Procedure. *Section 1448* provides that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

*28 U.S.C. § 1448 (1988)*; *see also* [*3] *Freight Terminals, Inc. v. Ryder Sys., Inc., 461 F.2d 1046, 1052 (5th Cir. 1972)* (when process served is found to be defective after removal of a case from a state court, new process may issue in the same manner as in cases originally filed in the federal district court).

Here, the defendants had notice of the suit and do not claim to have been prejudiced by Brazell's failure to properly serve them. Accordingly, the district court's order is vacated and the case remanded to allow Brazell to re-serve the defendants in accordance with *Fed. R. Civ. P. 4*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*